DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, James Proctor, has appealed from convictions by the Summit County Court of Common Pleas for failure to comply with the signal or order of a police officer and for obstructing official business. We affirm.
On January 12, 1999, Defendant was indicted for failure to comply with the order or signal of a police officer, in violation of R.C. 2921.33.1(B); possession of a counterfeit controlled substance, in violation of R.C. 2925.37(A); obstructing official business, in violation of R.C. 2921.31; driving under suspension, in violation of R.C. 4507.02(B)(1); and failure to stop after an accident/hit skip, in violation of R.C. 4549.02. The trial court subsequently dismissed the charges of driving under suspension and failure to stop after an accident/hit skip. On March 1, 1999, following a jury trial, Defendant was found guilty of failure to comply with the signal or order of a police officer, not guilty of possession of a counterfeit controlled substance, and guilty of obstructing official business. Defendant was sentenced to serve fifteen months in the Lorain County Correctional Facility for failure to comply with the signal or order of a police officer and ninety days in the Summit County Jail for obstructing official business. Defendant timely appealed and has raised two assignments of error for review. Because both assignments of error challenge the manifest weight of the evidence, they will be addressed concurrently.
ASSIGNMENT OF ERROR I
 The jury verdict finding [Defendant] guilty of failure to comply with signal (sic) or order of a police officer was against the manifest weight of the evidence.
ASSIGNMENT OF ERROR II
 The jury verdict finding [Defendant] guilty of obstructing official business was against the manifest weight of the evidence.
In determining whether a conviction was against the manifest weight of the evidence, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. "The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction." Id.
Defendant was convicted of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.33.1(B), which reads as follows:
 No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motorvehicle to a stop.
Defendant was also convicted of obstructing official business, in violation of R.C. 2921.31(A), which reads as follows:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
Upon review of the evidence presented at the trial, this court cannot find that the trier of fact clearly lost its way when it convicted Defendant of these crimes.
On December 31, 1998, at approximately 11:00 a.m. the Street Narcotics Uniformed Detail (hereafter "SNUD" unit) had set up surveillance on a known drug house. Through binoculars, Officer Jeff McNeil observed Defendant and another male exit the house and enter a maroon vehicle. The officer radioed other members of the unit, relayed his observations, and gave a description of the two men and the vehicle they were driving. Police officers in an unmarked car followed Defendant and his companion. After Defendant made a brief stop at another residence, the police officers attempted to stop the vehicle. In order to stop the vehicle, one officer signaled with his lights and siren. After Defendant failed to stop, another officer signaled and partially blocked the road with his vehicle. When it became apparent that Defendant was not going to stop, the officer blocking the road removed his vehicle from the path of Defendant's oncoming car to avoid a collision. After Defendant drove past this officer, he drove through a stop sign and collided with a third police cruiser who had joined in the pursuit. Defendant and the companion then parked the car and fled on foot into a nearby apartment complex.
The police officers continued to search for Defendant and his companion on foot and by vehicle. A short time later, an officer in a cruiser spotted Defendant, his companion, and a third gentleman skulking around a building. The officer observed Defendant hide something in the snow on a window ledge. The gentlemen then spotted the cruiser and fled in a black Geo Tracker. The police followed the vehicle and eventually stopped the gentlemen. Officer McNeil positively identified Defendant as one of the men he had seen enter and exit the drug house earlier that morning. Defendant was then arrested. Following the arrest, members of the SNUD unit returned to the apartment complex and recovered from the window ledge what was later identified as four rocks of counterfeit crack cocaine.
As presented at trial, Defendant received numerous signals from the police ordering him to stop, but yet he willfully ignored those signals by speeding past the officers, running a stop sign, and fleeing on foot to elude apprehension. It is also duly found in the evidence presented at trial that Defendant obstructed, or delayed the performance of the police officers by fleeing and hiding the counterfeit crack cocaine, thereby hampering and impeding the officers in their investigation. Due to the fact that Defendant hid the counterfeit crack cocaine in the snow on the window ledge, the officers were forced to later return to the apartment complex and spend additional time searching for the items previously hidden, thereby forcing the police to expend additional time on this matter.
While Defendant does not appear to refute that the state proved that the offenses occurred, Defendant has argued that he was identified as the perpetrator of these crimes merely because of his race and the type of jacket that he was wearing. He has further argued that in light of this weak identification information and the alibi testimony that he presented, his conviction was against the manifest weight of the evidence.
Upon review of the evidence it is clear that Defendant was visually identified by the officer who had given the original description. Additionally, Defendant was observed by another officer hiding something on the window ledge shortly before he and his companions fled in the Geo Tracker where Defendant was later apprehended. Conversely, during the alibi testimony by Defendant's mother and girlfriend, these witnesses were unable to place the exact time that they had spoken to the Defendant. While Defendant did present testimony by the landlord that she had spoken to Defendant at approximately 11:00-11:30, she was basing this evidence upon her belief that she had recognized his voice. Furthermore, the landlord testified that she frequently confused Defendant with another resident of the apartment complex. Therefore, his identification as the perpetrator is not against the manifest weight of the evidence.
Upon review and consideration, Defendant's assignments of error are without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BATCHELDER, J., CONCURS.